IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DARLENE F. CARTER                                               PLAINTIFF

VS.                             NO. 5:09CV00046 JMM

PRODUCERS RICE MILL, INC.                                       DEFENDANT

PEGGIE D. SCOTT                                                 PLAINTIFF

VS.                             NO. 5:09CV00298 BSM

PRODUCERS RICE MILL, INC.                                       DEFENDANT

**ORDER**

Pending are Plaintiffs' motions for joinder of claims and consolidation of actions. (Docket # 7 in case 5:09CV00046 and # 2 in case 5:09CV00298). Defendant has responded and objects to consolidation.

These cases arise from alleged employment discrimination at Defendant, Producers Rice Mill, Inc. Plaintiffs seek to consolidate these two actions arguing that the cases are closely related because common questions of law and fact exist and consolidation of the cases will result in significant savings of judicial resources. Plaintiffs argue that both Carter and Scott worked as packers in the par-boil packing department at Producers' Rice Mill in Stuttgart, Arkansas. Further, both Scott and Carter had the same supervisor, Sam Parham. Both, Scott and Carter

1

were terminated and/or permanently laid off on July 30, 2008 and both Carter and Scott complained of sex discrimination. Scott and Carter are represented by the same counsel and Producers' Rice Mill is represented by the same counsel in both cases. Defendant acknowledges that some of the claims in the cases are similar and the defenses have common elements. Defendant argues that the Plaintiffs' claims are distinct and there is a danger of prejudice to the Defendant if the claims are consolidated.

Federal Rule of Civil Procedure 42 provides, "If actions before the court involve a common question of law or fact, the court may ... consolidate the actions." Fed.R.Civ.P. 42(a)(2). "Consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir.1998). Based upon a review of the pleadings, the Court finds that these actions involve common questions of law and fact and are appropriate for consolidation. Consolidation will avoid unnecessary cost and delay. The Court finds that neither party will be unfairly prejudiced by the consolidation. If the Court determines that factual diversity prevents a consolidated trial on all issues, the Court will consider severance prior to trial. Accordingly, the Court finds that these cases should be consolidated and all future pleadings should reflect the style of each case with Case No. 5:09CV0046 as the lead case. Pleadings should only be filed in the lead case. The Court will enter the appropriate transfer order forthwith.

In light of the consolidation of these actions, Case No. 5:09CV00046 will be removed from the trial docket the week of January 25, 2010. The initial scheduling order issued in Case No. 5:09CV00298 is hereby set aside. The Court will issue an amended initial scheduling order forthwith.

IT IS SO ORDERED this 21st day of October, 2009.

_____
James M. Moody
United States District Judge